114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marlene A. PEZZIMENTI, Individually and as Special
Administrator of the Estate, Joseph R. Pezzimenti,
Deceased, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-17223.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 29, 1997.
 
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marlene A. Pezzimenti ("Mrs. Pezzimenti") brought this action under the Federal Tort Claims Act ("FTCA") individually and as special administrator of the estate of her son, Joseph Pezzimenti ("Pezzimenti"). Pezzimenti suffered a debilitating, and ultimately fatal, gunshot wound at the hand of Frankie Cage ("Cage") as the result of a physical confrontation between the two men. The altercation and shooting occurred in a parking lot owned by the United States located just outside Halawa Gate at Pearl Harbor Naval Station. A civilian security officer, Michael Quinlan ("Quinlan"), was stationed at a security post at Halawa Gate. Quinlan saw the entire altercation and called the base police after the gunshot occurred. Mrs. Pezzimenti claimed, inter alia, that Quinlan had a duty to intervene physically in the confrontation. After a bench trial, the magistrate judge held that Quinlan had no duty to intervene, but had a duty to call the police before the confrontation turned physical. The magistrate held that no damages were caused by the breach of that duty. He then entered judgment for the United States. Mrs. Pezzimenti appeals that judgment and we affirm.
 
 
 3
 Under the FTCA, the existence and extent of a duty of care are questions of law that a district court determines by reference to state law and that this court reviews de novo. Louie v. United States, 776 F.2d 819, 822 (9th Cir.1985). Mrs. Pezzimenti specifies two sources for the government's alleged duty to prevent her son's injury. First, she claims that Quinlan was the equivalent of a state police officer and had a consequent duty to prevent crimes committed in his presence. Second, she claims that the government had a duty as landowner of the parking lot to prevent assaults upon its invitees committed by third parties. Neither source imposes a duty on the United States in this case.
 
 I.
 
 4
 Under the FTCA, the liability of the United States is determined in the same manner as if the United States were a private individual under the law of the state where the incident occurred. 28 U.S.C. §§ 1346(b)(1), 2674. "When the United States is sued for torts committed in the course of 'uniquely governmental functions,' this circuit allows recovery only when a state or local government would be liable under like circumstances." Cameron v. Janssen Bros. Nurseries, 7 F.3d 821, 825 (9th Cir.1993). The parties are in agreement that Quinlan exercised law enforcement duties. We must therefore determine whether a state or local law enforcement official "under like circumstances" would be liable for failing to intervene in the altercation.[1]
 
 
 5
 Hawaii case law is clear that a police officer under these circumstances would have no duty to break up the altercation. "[T]he failure of the police to provide protection is ordinarily not actionable [unless] police action has increased the risk of harm and there is negligence in providing protection against the enhanced danger." Freitas v. City and County of Honolulu, 574 P.2d 529, 532 (Haw.1978). The generalized duty of the police to apprehend offenders and maintain order is not sufficient to support a claim of liability. Id. Quinlan did not commit any affirmative actions that worsened the situation, nor did he prevent other parties from providing assistance. See Fochtman v. Honolulu Police and Fire Dep'ts, 649 P.2d 1114, 1117 (Haw.1982). In this situation a state or local government would not be liable under the state law, thus neither is the United States.
 
 
 6
 Mrs. Pezzimenti claims that the above case law is not applicable and hence not controlling. She points out that no Hawaii case has addressed the existence of a duty when criminal conduct is occurring directly in front of a police officer. That description oversimplifies the facts of this case. The magistrate correctly held that a Honolulu police officer acting "under like circumstances" as a security guard at a military installation would not have had a duty to leave his post and break up the fight. Quinlan's primary duty as a base sentry was to prevent the unauthorized entry to the base. Because the base is considered a possible target for terrorist attacks, Quinlan was required to be vigilant about preventing access to the base. Gate guards are made aware that a classic diversionary tactic would be to stage a fight nearby a gate that would distract the guard and divert him from entry by saboteurs. Quinlan's duty, therefore, was to remain at the gate and to engage in law enforcement by notifying the base police of the fight. The magistrate's holding to that effect was correct.
 
 II.
 
 7
 Mrs. Pezzimenti next argues that the United States, as landowner of the parking lot, had a special duty to prevent the physical harm caused by Cage. Under Hawaii law, "[t]here is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless" a special relationship exists. Cuba v. Fernandez, 801 P.2d 1208, 1211 (Haw.1990) (quoting Restatement (Second) of Torts § 315 (1965)). The most relevant special relationship is created in the following situation: "A possessor of land who holds it open to the public is under a ... duty to members of the public who enter in response to his invitation." Id. (quoting Restatement (Second) of Torts § 314A(3) (1965)). The crux of that special relationship is the invitation. A special relationship exists only if the landowner gives some affirmative signal "that entry is desired rather than simply disregarded." Id.
 
 
 8
 Hawaii law is clear that a duty is owed to visitors invited for business purposes, but not to visitors from the general public. Doe v. Grosvenor Properties (Haw.) Ltd., 829 P.2d 512, 516 (Haw.1992). Because he was an employee on the base, the United States would almost certainly owe a duty to protect Pezzimenti if the altercation took place during his scope of employment. See Maguire v. Hilton Hotels Corp., 899 P.2d 393, 398 (Haw.1995).
 
 
 9
 The altercation was well outside of Pezzimenti's scope of employment. Pezzimenti had completed his work that day and was leaving the Halawa Gate. He continued to shout at Cage as he passed through the gate and entered the overflow parking lot. He entered the lot to fight, not to park for work. Compare Small v. McKennan Hospital, 437 N.W.2d 194, 199-200 (S.D.1989). Cage had pulled onto the highway, but made a U-turn off the highway and drove back into the overflow lot when he saw that Pezzimenti was waiting for him there. The fact that they chose U.S.-owned land to battle upon did not benefit, nor promise to benefit, the United States. See Doe, 829 P.2d at 516. The fight's location and the combatants' status as off-duty employees, therefore, did not impose the duty to protect reserved for the benefit of business invitees.
 
 
 10
 Even if Pezzimenti were a business invitee, however, the government did not have an absolute duty to protect him. See id. at 518. The government only owed a duty to exercise reasonable care to ensure Pezzimenti's safety. Id. at 515. Quinlan called for emergency aid as soon as he heard gunshots. This action fully discharged the government's duty. The government had no prior reason to suspect that Cage was planning to use a gun and it did not unreasonably fail to discover and protect against that gun. Id. at 518. Even if the government had a duty to Pezzimenti, therefore, it is not liable for the injuries suffered by him because it took reasonable care.
 
 
 11
 The magistrate's judgment in favor of the United States is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mrs. Pezzimenti contends that Quinlan had a duty pursuant to statutes and regulations applicable to Honolulu police officers. Because those statutes and regulations did not expressly or by implication provide that their violation results in tort liability, we look instead to common law for the existence of a duty of care. Lee v. Corregedore, 925 P.2d 324, 342-43 (Haw.1996)